E-FILED
Friday, 26 August, 2005  02:19:45 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY BERNARD RIGGANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-1233 |
| ) | |
| R. VEACH, Warden, ) | |
| ) | |
| Respondent. ) | |

### O R D E R

This matter is now before the Court on Petitioner Timothy Riggans' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Riggans' § 2241 Petition [#1] is DISMISSED.

### BACKGROUND

On June 23, 2000, following a jury trial in the U.S. District Court for the District Kansas, Riggans was sentenced to 10 years imprisonment for bank larceny in violation of 18 U.S.C. § 2113(b). He is currently serving that term at the Federal Correctional Institute in Pekin, Illinois. The Tenth Circuit Court of Appeals affirmed Riggans' conviction on June 28, 2001. U.S. v. Riggans, 254 F.3d 1200 (10th Cir. 2001). On September 16, 2002, Riggans filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 in the District of Kansas. The Motion was denied, and Riggans attempts to reverse that ruling, first by way of Federal Rule of Civil Procedure 59(e) and second by attempting to obtain a certificate of appealability under 28 U.S.C. § 2253, also failed.

On August 11, 2005, Riggans filed this § 2241 Petition in which he argues that he is being held in violation of the federal Constitution because bank larceny, for which Riggans

was convicted, is not a lessor-included offense of bank robbery, which was the only crime charged in the indictment.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Riggans does not challenge the circumstances of his confinement. Rather, he attacks the validity of his conviction and sentence and asks this Court to vacate that sentence and release him from custody. Accordingly, this Petition involves a collateral attack on Riggans' sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Riggans has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless he first obtains permission from the Court of Appeals to bring a second or successive motion (which he has not done in this case), or qualifies for one of the few instances in which petitioners may seek collateral relief under § 2241. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. Here, Riggans claims are

premised on the U.S. Supreme Court's decision in Carter v. United States, 530 U.S. 255 (2000), which held that bank larceny is not a lessor-included offense of bank robbery. Id. at 259. However, that case was decided *before* Riggans' first § 2255 motion; indeed, it was decided before and argued in Riggans' direct appeal. Although the Tenth Circuit recognized that plain error was committed by the trial court in light of Carter because it did not instruct the jury on certain elements of the offense of bank larceny, the court exercised its discretion not to notice the error "because [the error] did not seriously affect the 'fairness, integrity or public reputation' of Mr. Riggans trial ..." as there was overwhelming evidence that Riggans actually engaged in the elements on which the jury was not instructed. Riggans, 254 F.3d at 1202-03. Thus, Riggans has had two opportunities to test his Carter-based theories in federal court, first on his direct appeal, and again in his first § 2255 motion. Allowing a third opportunity under § 2241 pursuant to Davenport is therefore inappropriate.

Accordingly, Riggans' § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in Davenport, Riggans is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice to the opportunity to seek permission to bring a second or successive § 2255 from the Seventh Circuit Court of Appeals. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (holding that when a prisoner makes a second or successive petition for a writ of habeas corpus under § 2255 without the requisite

certificate of appealability from the court of appeals, the district court has no choice but to dismiss the petition).

## CONCLUSION

For the reasons set forth above, Riggans' Petition for Writ of Habeas Corpus pursuant to § 2241 [#1] is DISMISSED without prejudice to refiling as a motion under 28 U.S.C. § 2255 if he obtains a certificate of appealability from the Seventh Circuit Court of Appeals. This matter is terminated.

ENTERED this 26th day of August, 2005.

                                                                                                                            s/ Michael M. Mihm  
                                                                                                                             Michael M. Mihm  
                                                                                      United States District Judge